Welch, J.
The questions raised by the assignments of error are substantially the following :
1. Did the evidence warrant the court in its finding that this conveyance was fraudulent as against the husband, and' that the purchase-money paid by him was a charge or lien-upon the land ?
We need only say as to this question, that we answer it. in the affirmative.
2. Did the court err in admitting the husband to testify as a witness in the case? We think not. As we understand the provisions of law upon the subject, the amendatory act of April 18, 1870 (67 Ohio L. 118), which was in force at the time of the trial, merely makes husband and wife incompetent as to communications made by one to the-other, and acts done by either in the presence of the otheiy and not in the known presence of a third person, and leaves them as to other matters competent witnesses. And the act being purely remedial in its character, applies as-well to cases pending, and causes of action existing at the' date of its taking effect, as to future cases and causes of action. To give it such an application is not to “ affect the pending “ action ” or “ proceeding ” within the meaning of the act of February 19, 1866 (S. & S. 1), but merely to affect the manner of trying or conducting the-action or proceeding. By the word “ proceeding,” in the-last-named act, is meant, not the steps taken or form of proceeding in an action, but a certain description of suit which is not properly denominated an action.
3. Did the court err in refusing to reject the testimony of the husband? It is claimed that even admitting the-husband to be a competent witness, the court should have ruled out that part of his testimony which related to communications and acts of the parties, because the bill of exceptions does not show that any third person was present at the time they were made, or took place. It seems to us that there are two good answers to this objection : (1) Evidence to show the presence of such third person was for the court, and not for the jury, and must he presumed till *508 -the contrary is shown; and (2) the motion was too broad, including all the husband’s testimony, without discriminating, or making known to the court the ground on which the testimony was sought to be excluded.
4. Did the court err in the judgment or decree which it rendered — was the plaintiff, upon the fact stated in his petition and found by the court, entitled in equity to set the ■conveyance aside, and charge the money paid by him upon the land ? The answer to this question depends entirely upon the construction of our late statutes upon the subject •of marital rights.. At common law the husband was liable ■during coverture for the debts of his wife contracted before marriage, and damages occasioned by her torts. This was an obligation which rested Upon him, not only as between himself and her creditors, or parties injured by her, but .also as between himself and his wife. The reason of this •obligation was said to be the fact that by the marriage he became the owner of her entire personal estate. By our late statutes this reason or consideration has been completely taken away. As between the husband and creditors of the wife, perhaps, the obligation of the husband still ■exists as at common law. But the question is whether it •still subsists, and whether it has been modified, and how far modified, as between the husband and wife.
By sections 1 and 2 of the act of April 2, 1861, as amended March 25, 1866 (8. & S. 389-391), all the real and personal property of the wife at marriage remains her separate estate. By section 3 it is declared, that “ in any action against the husband and wife upon any cause existing against her at their marriage, or upon any tort committed by her during coverture, or upon any contract made by her concerning her separate property, . . . the separate property of the wife shall be also liable to be taken for any judgment rendered therein.”
By this statute, was it the intention of the legislature to make the husband’s and wife’s property, as between themselves, equally liable, and to leave it entirely to the whim •or caprice of the creditor upon which he would seek satis *509 faction ? If so, it seems to be the only case where a like-legislative intent has been manifested, and seems, moreover, to be manifestly unjust. True, such is the law where a judgment is recovered against joint trespassers; but the reason of the rule there by no means applies to judgments founded on contract — the rule in the case of torts having been established merely as a mode of punishment, or by way of disfavor to wrong-doers. The legislature must have-intended that one or the other of the parties, in a case like-the present, should be primarily liable as between themselves,, and every consideration of justice and fair-dealing points to-the wife as that party. If the statute will bear this construction, and we think it will, equity requires that it should be so interpreted. It will be observed that one of the three eases specified, in which the wife’s property is declared to be “ also liable ” for the judgment, is a case where-the husband was not liable at common law, and I presume-is not made liable by the statute. I refer to the case of a judgment on the wife’s “ contract concerning her separate property.” By the word “ also,” in the phrase “ also liable,”' in the third section of the act, we do not understand that any liability of the husband, or of his property, is implied. No such liability had been declared in the preceding part of the statute. But we understand this word “also,” in the-third section, as referring to the ownership of the wife, declared in the preceding sections. The legislature intended to sayr not that the husband should• be liable, and the property of the wife should be “ also liable,” but that the property of the wife should be separately owned by her, and should be “ also liable” for the judgments recovered in the three cases-named.
If this is the true interpretation of the statute, it follows that the court below rendered the right judgment in the ease. By the payment of this debt the husband became-the creditor of his wife, as well as entitled to be subrogated to the rights of her brother, and to enforce the lien which-the latter held against the land; and in either character, he* *510 was entitled to set aside the fraudulent and voluntary conveyance, and subject the land to the payment of the debt.
But the record shows that the wife had other property, .and it is claimed that this should have been exhausted before going upon the land so fraudulently conveyed. We know of no such rule in equity. As to creditors, a fraudulent sale of land is absolutely void. The creditor may levy his judgment upon the land, and cause it to be sold for the satisfaction of his judgment, and the fraudulent ■sale will be held a nullity, irrespective of the other property of the debtor. Besides, there is nothing here to show the -amount of the wife’s other property, or whether it is liable to be taken or subjected to the payment of the debt.
There are other questions raised and argued by counsel in the case, but the view thus taken of it renders their consideration unnecessary.

Judgment affirmed.

McIlvaine, C. J., White, Rex, and Gilmore, JJ., concurred.